OPINION OF THE COURT
Dan Lamont, J.
The indictment charges the defendant with the crimes of rape in the first degree and sodomy in the first degree.
The defendant has made an ex parte application pursuant to County Law § 722-c for an order directing the County of Schoharie to pay for all costs in connection with proposed testing of the defendant at the Royal Ottawa Hospital by a psychiatrist to study and measure defendant’s hormonal levels and render an opinion as to how defendant’s hormonal level may dictate his behavior in a criminal sense. Defendant further requests that this court direct the Schoharie County *159 Sheriffs Department to transfer the defendant to the Royal Ottawa Hospital, Ottawa, Canada, for a period of 72 hours for such examination and testing.
The applicable statute, section 722-c of the County Law, provides as follows:
"Upon a finding in an ex parte proceeding that investigative, expert or other services are necessary and that the defendant or other person described in section two hundred forty-nine or section two hundred sixty-two of the family court act or section four hundred seven of the surrogate’s court procedure act, is financially unable to obtain them, the court shall authorize counsel, whether or not assigned in accordance with a plan, to obtain the services on behalf of the defendant or such other person. The court upon a finding that timely procurement of necessary services could not await prior authorization may authorize the services nunc pro tunc. The court shall determine reasonable compensation for the services and direct payment to the person who rendered them or to the person entitled to reimbursement. Only in extraordinary circumstances may the court provide for compensation in excess of three hundred dollars.
"Each claim for compensation shall be supported by a sworn statement specifying the time expended, services rendered, expenses incurred and reimbursement dr compensation applied for or received in the same case from any other source.”
This defendant’s application clearly does not constitute simply a request for expert services. The defendant is not simply requesting that he be allowed to retain a psychiatrist who could examine the defendant at the Schoharie County Jail, or for a few hours at an office in the Capital District.
The defendant’s request is that he be transported to a distant city in another country, and be allowed to remain in a hospital under observation for a period of approximately three days. Not only would the granting of such request clearly be far beyond the scope of expert services envisioned by County Law § 722-c, but also would require that approximately six Schoharie County Deputy Sheriffs travel with the defendant to Canada to guard him in eight-hour shifts around the clock. The cost would not only be extraordinary, but phenomenal. Also, since the defendant stands accused as a second violent felony offender and weighs in the neighborhood of 300 pounds, the security risks inherent in the granting of defendant’s request would be significant, to say the least.
*160 Defendant’s ex parte application fails to sufficiently convince the court that such expert services are truly necessary within the meaning and intent of County Law § 722-c. In addition, because of the logistics, security risk, and huge expense involved, this court holds and determines that the defendant’s application should be and is hereby denied in all respects.